IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:18CR186 |
| MACEO STROTHER, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 19, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Wes Wynne.

Maceo Strother was sentenced on April 14, 2010, before The Honorable Ed Kinkeade of the Northern District of Texas after pleading guilty to the offense of Possession with Intent to Distribute a Controlled Substance (Count 1), a Class B Felony; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 2), a Class A felony. Count 1 carried a statutory maximum imprisonment term of 40 years and Count 2 carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Maceo Strother was subsequently sentenced to 78 months imprisonment subject to the standard conditions of release, plus special conditions to include drug testing and treatment, workforce development program, proof of child support

payments, and a $200 special assessment. On October 15, 2014, Maceo Strother completed his period of imprisonment and began service of the supervision term in the Northern District of Texas. On October 4, 2018, jurisdiction in this matter was transferred to the Eastern District of Texas and assigned to The Honorable Marcia A. Crone, U.S. District Judge.

On March 29, 2017, prior to the transfer of jurisdiction, the U.S. Probation Officer for the United States District Court for the Northern District of Texas executed a Petition for Offender Under Supervision [Dkt. 2, Sealed]; and, on February 15, 2018, a Supplemental Petition for Offender Under Supervision [Dkt. 3, Sealed] (collectively referred to herein as, the "Petition"). The Petition asserted that Defendant violated eleven (11) conditions of supervision, as follows: (1) (violation of mandatory condition) The defendant shall not commit another federal, state, or local crime; (2) (violation of mandatory condition) The defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of controlled substance; (3) (violation of standard condition no. 7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) (violation of standard condition no. 2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) (violation of standard condition no. 6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (6) (violation of standard condition no. 11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) (violation of mandatory condition) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance; (8) (violation of mandatory condition) The defendant shall participate

in a program (inpatient or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after the completion of treatment; (9) (violation of standard condition no. 7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (10) (violation of mandatory condition) The defendant shall not commit another federal, state, or local crime; and (11) (violation of mandatory condition) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The Petition alleges that Defendant committed the following acts: (1), (2), (3) Maceo Strother violated this condition of supervised release when he committed the offense of Possession of a Controlled Substance PG 2 < 1G, Case No. F 1610373, in violation of Health and Safety Code § 481.116(b); Tamper W/Govern Record Defraud/Harm, Case No. F1610372, in violation of Texas Penal Code § 37.10(c)(1), and Fraud Use/Poss Identifying Info # of Items <5, Case No. F 1610371, in violation of Texas Penal Code § 32.51(c)(1), as evidenced by his arrest by the Addison, Texas Police Department on November 22, 2016. The charges are classified as State Jail felonies, punishable by not less than 180 days, or more than 2 years imprisonment, and a fine not to exceed $10,000 on each count. Mr. Strother was released on bond on December 14, 2016. On December 22, 2016, Indictments were filed in Case Nos. F 1610371 and F 1610372. On February 14, 2017, an Indictment was filed in Case No. F 1610373. Cases remain pending in Dallas County, Texas. A Report on Offender Under Supervision was filed on December 7, 2016, advising the Court of this arrest. According to the Addison Police Department arrest report, on

November 22, 2016, at approximately 10:22 PM, Officers Claustre and Moore were dispatched to 15051 E Beltwood Pkwy in reference to a suspicious activity call. Upon arrival, Officers observed a black male fleeing the scene of the business and being followed by employees of the business. After a short duration of running, the employees had the black male detained for officers. The black male verbally identified himself as Maceo Strother. Officer Claustre spoke with employee and witness, Richard Bayon. Bayon stated Strother came into the dealership to purchase a vehicle from Empire Exotic Motors a few days back. Bayon stated Strother told him his name was Joel Wayman and presented Bayon with a temporary driver's license with Joel Wayman's information on it and Strother's photo. Bayon stated Strother had Wayman's social security number also. Bayon stated he completed the financial process with Strother to purchase a vehicle. Mr. Bayon stated the true Joel Wayman came into the business on November 22, 2016 to discuss a vehicle that was purchased in his name. Mr. Wayman gave all the proper identifying information to prove he was not the individual who purchased the vehicle. Mr. Bayon stated Mr. Wayman did not give anyone consent to purchase a vehicle in his name or have possession of his information. Mr. Wayman contacted Addison Police Department and filed a report. Mr. Bayon subsequently arranged a time to meet with Maceo Strother so that the Addison Police Department could investigate the incident. Mr. Bayon stated once Mr. Strother arrived, he got nervous and ran. Mr. Strother was placed under arrest and charged with fraudulent use or possession of identifying information. Before reporting officers searched Mr. Strother, Mr. Strother was asked if he had anything on him that officers needed to know about. Mr. Strother stated he had a small orange, round pill in his pocket that Mr. Strothers [sic] stated was ecstasy. Incident to the arrest, Mr. Strother was found to be in possession of a Texas Department of Public Safety Temporary Permit. The permit had Mr. Strother's photo with a different name on the permit (Nathan Schubert). After a computer check of the driver's

license number (01152247) on the permit, it was found the information came back to a white male. A photo of the white male was provided with this information; the photo did not match that of Mr. Strother. Mr. Strother was additionally charged with Tampering with a Governmental Record. Mr. Strother was also found in possession of a PayPal debit card with Nathan Schubert's name on it, along with a FedEx credit card and Walmart debit card, Based on Mr. Strother's was attempt to financially harm Mr. Wayman, Officer Claustre determined Mr. Strother was attempting to financially harm Nathan Schubert, via the same method, by possessing a debit card and tampered identification in Mr. Schubert's name. As a result, Officer Claustre filed additional charges. Additionally, Maceo Strother violated this condition of supervised release when he committed the offense of Fail to Identify Give False Information, in violation of Texas Penal Code § 38.02(b), as evidenced by his arrest by the Carrollton, Texas, Police Department on March 20, 2017. The offense is a Class B misdemeanor, punishable by not more than. 180 days imprisonment, and a fine not to exceed $2,000. According to the Carrollton, Texas Police Department offense report, On March 20, 2017 at approximately 1820 hours Officers Moorhead and Martinez were dispatched to a vehicle dealership located at 2311 Midway Rd, Carrollton, Dallas County, Texas, on a follow up to a report that Investigator Morris had taken earlier in the day for Fraudulent Use of Identifying Information (2017- 002378). Officers Moorhead and Martinez were informed by dispatch the subject who was trying to purchase a vehicle using fraudulent credit information had returned to the location attempting to pick up the vehicle. The dealership had informed Dispatch the subject had identified himself as Michael Friedman, DOB-03/03/1997, TX DL#26249534, Dispatch checked the information given and found that the DL# did not belong to a Michael Friedman. Upon arrival, Officers contacted Matthew Thomas, employed at the dealership. It was discovered the purchaser had submitted a credit application and paperwork online to purchase a vehicle at the

dealership and that the person identifying himself as Michael Friedman had arrived at the location as the purchaser's son, who was there to pick up the vehicle. Mr. Thomas provided a copy of a paper temporary Texas Driver's License that Mr. Friedman had provided as his identification to take possession of the vehicle. Officers contacted the person who identified himself as Michael Friedman. Upon further questioning, Mr. Friedman eventually identified himself as Maceo Karshif Strother, DOB-03/03/1997. Mr. Strother stated he had his ID (Identification document) in the glove box of his vehicle, a red 2007 Hummer H3, bearing TX LP-HNS0885. Officer Moorhead then asked for and was given permission to enter the vehicle to recover Mr. Strother's ID. Officer Moorhead was unable to locate the ID; however, Officer Moorhead did detect the strong odor of marijuana in the vehicle. Officer Moorhead then asked Mr. Strother his age. Mr. Strother stated he was 20. Officer Moorhead asked Mr. Strother if his ID was issued by the State of Texas and he stated no. Officer Moorhead then asked if he had an ID issued by any state, Mr. Strother answered, "no". Mr. Strother was then asked who had issued the ID he mentioned was in his glove box. After a pause, Mr. Strother stated Texas. A check of the information Mr. Strother provided came back with no return on the Texas database. Officer Moorhead determined Mr. Strother was intentionally providing Officer Moorhead a false name or false Date of Birth, which is in violation of Texas Penal Code 38.02 (b) Fail to Identify Give False Information. Officer Moorhead placed Mr. Strother into custody for Fail to Identify Give False Info. Officer Moorhead was then contacted by dispatch who had located a Maceo Karshif Strother, B/M, DOB-03/07/1988, and TX ID# 38454878 on the database. Officer Moorhead asked dispatch to send Mr. Strother's ID photo to his computer, which confirmed Mr. Strother's full identity. Incident to the arrest, Officer Martinez searched Mr. Strother's vehicle and recovered a small amount of marijuana, which was placed into property to be destroyed. Officer Martinez then impounded the vehicle. Officer Moorhead referred

the case back to Investigator Morris for additional charges of Fraudulent use of Identifying Information and possibly Tampering with a Government Record for the fictitious temporary Texas Driver's License. Mr. Strother was subsequently released from custody. Moreover, Maceo Strother violated this condition of supervised release when he committed the offense of Fail to Identify Give False Information, Forgery Government/National Instrument/Money/Security, and Unlawful Possession of a Firearm by Felon as evidenced by his arrest by the Plano, Texas, Police Department on March 24, 2017. The offense of Fail to Identify Give False Information is in violation of Texas Penal Code § 38.02(b), a Class B misdemeanor punishable by not more than 180 days imprisonment, and a $2,000 fine. The offense of Forgery Government/National Instrument/Money/Security is in violation of Texas Penal Code § 37.01, a Third-Degree Felony punishable by not less than 2 years, nor more than 10 years imprisonment, and a fine not to exceed $10,000. The offense of Unlawful Possession of a Firearm by a Felon is in violation of Texas Penal Code § 46.04, a Third-Degree Felony punishable by not less than 2 years, nor more than 10 years imprisonment, and a fine not to exceed $10,000. Mr. Strother is currently custody in Collin County Texas. According to the Plano, Texas, Police Department offense report, On March 24, 2017, at approximately 1831 hours Officer Larson #1761 observed a white sedan leaving the Collin Creek Mall pulling onto Plano Parkway from Accent Drive. Officer Larson observed the vehicle had a Temporary Texas License tag (08L5366) that had expired in January 2017. Officer Larson activated his emergency lights and siren in the intersection in an attempt to complete a vehicle stop. The suspect vehicle passed up the entrance to Chick Fil and continued Eastbound on Plano Parkway. The suspect vehicle then entered the Shell gas station and passed up a parking spot near the air pump and pulled around behind the building, The suspect vehicle then moved towards the exit to the Shell gas station before stopping in a fire lane almost blocking the exit. As Officer

Larson approached the suspect vehicle, Officer Larson observed a black male leaning out of the driver's window and asked, "What's wrong officer". The driver appeared very nervous, breathing heavily (chest rising and falling and neck veins pulsing). The driver's left arm was down near the seat/floor out of sight and Officer Larson immediately asked the driver to show his hands. Officer Larson observed the driver appear nervous. The driver stated he was nervous because of "everything that's going on right now". Officer Larson asked the driver what he meant. The driver implied he was nervous because of all the police shootings. Officer Larson asked him to please reference one of the shootings he was worried about; the driver stated he could not. Officer Larson asked the suspect if he knew any names of any people shot recently by the police. The driver could not provide any names. Officer Larson asked the driver if he could even name a state that has had a police shooting that concerned him recently, again he stated he couldn't. Officer Larson asked the driver for his driver's license or identification card. The driver stated he didn't have any identification. Officer Larson asked the driver to step out of the vehicle and requested backup as the officer believed this to be a criminal interdiction stop based on the driver's behavior. The driver exited and allowed Officer Larson to frisk him for weapons, The driver identified himself as Robbins, Glen B/M DOB: 02/19/1988. Officer Larson asked Mr. Robbins if he had anything with his name on it in the car, Mr. Robbins indicated he didn't. Officer Larson asked Mr. Robbins who the car belonged to and he stated it was his girlfriend. Mr. Robbins was observed being nervous and fidgeting often. Mr. Robbins stated his identification was issued by Memphis, (Tennessee) and further indicated he lived there. A record's check informed Officer Larson there were no persons found with Mr. Robbin's name and date of birth. Officer Larson confronted Mr. Robbins regarding this information and Mr. Robbins stated it was Michigan who held his identification information. A subsequent record check revealed negative results. Further questioning to

determine and confirm Mr. Robbins identity was unsuccessful. Mr. Robbins was taken into custody and charged with having no driver's license. Mr. Robbins was searched in front of the patrol vehicle, and a receipt in his pants rear right pocket was located. The receipt had the name, "Rachel, Jacob" on it and came from the Macy's at North Park Mall. The suspect denied consent to search his vehicle. Since the vehicle was parked illegally in a fire lane, the vehicle was towed by Signature Towing. A K9 Officer was called to Signature Towing to meet the tow truck with the suspects' vehicle. Officer Larson informed the K9 officer the vehicle was believed to have narcotics inside and possibly a firearm. The K9 officer's dog subsequently alerted to the presence of contraband on the vehicle and a probable cause search was performed by Officer Larson. Officer Larson observed marijuana seeds on the floor board of the passenger and driver's side area and located a cigar butt on the passenger floor board having a marijuana odor. Officer Larson also observed a temporary paper Texas Driver License in the driver's cup holder under the cell phone that the suspect claimed didn't work. The cell phone appeared operable. The temporary paper license showed Mr. Robbin's picture and the name of "Rachel, Jacob DOB: 11/11/78. This name matched the receipt in Mr. Robbin's pocket. A records check revealed the name Jacob Rachel had no returns with the listed date of birth. The driver license number, #26249534, listed on the paper license, returned to a female indicating the temporary paper driver license was fake. Officer Larson also observed a Macy's credit application in the cup holder and the name "Rachel, Jacob" on it. The following credit applications were located: Macys Northpark 3/22 @ 1614 hours (pants pocket); Macys Willowbend 3/24@ 1720 hours (located in cup holder); Macys Towneast full credit application for $2000 03/22@ 1117 (cup holder). Officer Larson also located Dallas County District Court paperwork in the name of Strother, Maceo B/M DOB: 03/07/1988. A records check revealed the true identity of the driver (Glen Robbins) he had just taken into custody. Further

search of the vehicle revealed a duffle bag in the trunk. The main compartment of the duffle bag contained an AR15 rifle with two loaded magazines of 223 ammunition (58 rounds total). The AR15 (#LW171094) was broken into two, upper and lower separated parts. The rifle was seized for evidence. Plano Police Department detectives went to Macys Willow Bend and secured CCTV footage of the suspect and his credit application from 1720 hours. Detectives confirmed the clothing of the individual completing the credit applications matched Mr. Strother's clothing. Mr. Strother intentionally and knowingly provided Officer Larson with a fake name when lawfully detained for a traffic violation. Mr. Strother possessed a fake state issued government document that showed his picture with a fake name and another's Texas Driver License number; (4), Maceo Strother violated this condition of supervised release by failing to submit complete written reports for the months of March, June, July, August, September, October, November, and December 2015; January, February, March, April, June, July, August, September, October, November, and December 2016; (5), Maceo Strother violated this condition of supervised release when he failed to notify the probation officer at least ten days prior to a change in residence. On March 12, 2017, U.S. Probation Officer Oscar Salinas was enroute to Mr. Strother's listed residence located at 9250 Emberglow Lane, Dallas, Texas 75243 to complete a home visit and collect a urine sample for drug testing as a result of Mr. Strother's recent stall on March 6, 2017. USPO Salinas texted Mr. Strother notifying him of this officer's impending home visit. Mr. Strother responded he and his mother were evicted from the listed residence and had been staying in hotels the last several days. Mr. Strother failed to notify the probation officer of his change in residence; (6) Maceo Strother violated this condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested. On March 20, 2017, Maceo Strother was arrested by the Carrollton Police Department for Fail to Identify Give False Information. As of the date of this

petition, Mr. Strother has failed to notify this officer of his arrest. On March 24, 2017, Mr. Strother was arrested by the Plano Police Department for Fail to Identify Give False Information, Forgery Government/National Instrument/Money/Security, and Unlawful Possession of a Firearm by Felon; (7), (8), (9), Maceo Strother violated these conditions of supervised release by using and possessing amphetamines, a controlled substance, on or about March 2017. On March 12, 2017, Mr. Strother submitted a urine specimen to Phoenix Counseling Associates, Garland, Texas, that tested positive for amphetamines. Maceo Strother violated these conditions of supervised release by failing to submit a random urine specimen as directed by Phoenix Counseling Associates, Garland, Texas, on March 6, 2017; (10), (11) Maceo Strother violated this condition of supervised release when he committed the offense of Fraud Use Possession of identifying Information No. of Items <5, Case No. F l711825, in violation of Texas Penal Code§ 32.Sl(c)(l), as evidenced by his arrest by the Carrollton, Texas Police Department on March 20, 2017. The charge is classified as a State Jail Felony, punishable by not less than 180 days, or more than 2 years imprisonment, and a fine not to exceed $10,000. On September 21, 2017, an Indictment was filed in Case No. Fl 711825. The case remains pending in Dallas County, Texas. According to the Carrollton, Texas Police Department offense report, on March 20, 2017, Maceo Strother attempted to purchase a vehicle using fraudulent credit information. Furthermore, on March 24, 2017, Maceo Strother violated this condition of supervised release when he committed the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l), as evidenced by the one count Indictment filed on May 10, 2017, in the Eastern District of Texas, Sherman Division, Case No. 4:17-CR-79. Mr. Strother is currently in federal custody. Case 4:17-CR-79 remains pending at this time. According to the Indictment filed on May 10, 2017, in the Eastern District of Texas, Sherman Division, Maceo Strother, having been convicted of a crime punishable by imprisonment for a term exceeding one

year, did knowingly possess in and affecting interstate or foreign commerce the following firearm, Palmetto State Armory 223 caliber rifle, model PA15, Serial Number LW171094. Additionally, on January 30, 2018, Maceo Strother violated this condition of supervised release when he committed the offense of Tamper with Government Record License Seal Defraud Harm, Case No. F 1851785, in violation of Texas Penal Code§ 37.10(c)(2)(A), a Second Degree Felony punishable by not less than 2 years, nor more than 20 years imprisonment, and a fine not to exceed $10,000. Mr. Strother's was also charged with Forgery Government National Instrument Money Security, Case No. F 1851702, in violation of Texas Penal Code§ 32.2l(e), a Third-Degree Felony punishable by not less than 2 years, nor more than 10 years imprisonment, and a fine not to exceed $10,000, as evidenced by his arrest by the Dallas, Texas Police Department. Both cases are pending at this time. According to the Dallas, Texas Police Department offense report, on January 30, 2018, at approximately 6:16 p.m. Officer R. Hernandez #10006 observed a grey Chrysler vehicle, license plate# KDC-6577, perform an improper lane turn by turning from the center lane of 310 S. Riverfront at a red light Northbound to Eastbound onto 260 Reunion Boulevard. A traffic stop was conducted near 260 Reunion Boulevard. Officer Hernandez approached the vehicle and asked the driver, later identified as Maceo Strother, for his license and proof of insurance. Mr. Strother provided a government driver license with the name of Daniel Shawn Horrall, and a birth date of October 20, 1979. Officer Hernandez believed the driver's license appeared fake, as the photo appeared to have been altered. Officer Hernandez ran the license information on the NCIC system. The system revealed the license information belonged to a white male with different height and weight proportions. Mr. Strother is a black male and appeared to be taller and heavier. Officer Hernandez asked Mr. Strother to step out of the vehicle. Officer Hernandez confronted Mr. Strother and asked him if he had provided a fictitious driver's license. Mr. Strother responded,

"no its really me." As Officer Hernandez interviewed Mr Strother, Officer J. Puente #6250 spoke with the passenger of the vehicle, Trivante Cockerham. Officer Puente asked Mr. Cocerham what the driver's name was. Mr. Cockerham stated he knew the driver as Maceo Strother. A records check was conducted using the name Maceo Strother. The system provided a photo identification of Mr. Strother, confirming the driver's true identity. Additional record checks also revealed Mr. Strother had five warrants out of Dallas County, Texas, for his arrest and a U.S. Marshals warrant. Officer Hernandez confronted Mr. Strother with his true information. Mr. Strother admitted he had been using a fictitious driver's license. The information on the fictitious driver's license was legitimate and belonged to Daniel Shawn Horall. Mr. Strother was taken into custody and transported to the Dallas County jail.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 7 of the Petition (the violation of mandatory condition identified on page 6 of the Petition [Dkt. 2] that the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance). The Government dismissed the remaining allegations. Having considered the Petition and the plea of true to allegation 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 8 months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 20th day of September, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE